IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES O'CONNOR, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-03029-M (BT) |
| § | |
| CHARLES E. EDGE, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff James O'Connor, an inmate at the Wayne McCollum Detention Center, in Ellis County, brings this *pro se* action under 42 U.S.C. § 1983. The Court granted O'Connor leave to proceed *in forma pauperis* and withheld issuing process pending judicial screening. For the following reasons, the Court should dismiss the complaint for failure to state a claim on which relief may be granted.

I.

O'Connor filed this complaint against Ellis County Sheriff Charles E. Edge and Correct Care Solutions medical staff at the Wayne McCollum Detention Center. O'Connor states Sheriff Edge enforces an unconstitutional grievance process that does not allow review of an inmate's claim of inadequate medical care. O'Connor also claims Sheriff Edge and the medical

1

staff of Correct Care Solutions failed to provide him adequate medical care when they denied him a prescription for a bottom bunk. He states he needs a bottom bunk because he has orthopedic surgical implants. He seeks an interview with the FBI and an order that Sheriff Edge change the grievance policies and rewrite the inmate rules and regulations.

## II.

O'Connor's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible

2

on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

**A. Medical Care**

O'Connor argues Defendants violated his civil rights by denying him a prescription for a bottom bunk. (*See* ECF No. 3 at 3-4.) O'Connor's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, O'Connor must show that Defendants acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S. at 106. This requires proof that Defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

O'Connor's allegations fail to state a plausible claim that Defendants acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." He has alleged no facts from which the Court can reasonably infer that Defendants were deliberately indifferent. In response to the Magistrate Judge's Questionnaire, O'Connor stated he did not know why Defendants denied the lower bunk prescription. (ECF No. 7 at 5.) *See Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) ("Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009)). O'Connor's claim should be dismissed.

**B.  Jail Grievance Procedures**

O'Connor also argues the jail grievance procedures are unconstitutional. The Fifth Circuit, however, has held that inmates do not have a constitutionally-protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593,

4

595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances); *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." (citation and internal quotation marks omitted)).

A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. *See* 42 U.S.C. § 1997e(b); *see also Archie v. May*, Civ. No. 13-3185, 2014 WL 993506, at *3 & n.1 (W.D. La. Mar. 13, 2014) (collecting cases). Accordingly, inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *See id.* This claim should therefore be dismissed.

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal but leave to amend is not required when the plaintiff has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the Court sent O'Connor a Magistrate Judge's Questionnaire seeking all facts regarding his claims.

O'Connor has therefore already pleaded his best case, and the complaint should be dismissed.

IV.

The Court recommends that the complaint be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Signed February 3, 2020.

                                                _____
                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).